**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN TUCKER, | : | Civil Action No. 07-4970 (JLL) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| NORTHERN STATE PRISON, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

> JOHN TUCKER, #123902B
> Northern State Prison
> 168 Frontage Road
> Newark, New Jersey  07114
> Petitioner Pro Se

**LINARES, District Judge**

John Tucker, a New Jersey prisoner who is confined at Northern State Prison, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction entered in the Superior Court of New Jersey on January 7, 2005.  For the reasons expressed below, this Court will summarily dismiss the Petition without prejudice as a mixed petition, and deny a certificate of appealability.

**I. BACKGROUND**

Petitioner challenges a judgment of conviction filed on January 7, 2005, in the Superior Court of New Jersey, Law Division, Hudson County, after a jury convicted him of second-degree sexual assault, second-degree endangering the welfare of a child, and fourth-degree child abuse.

See State v. Tucker, 2006 WL 2933953, at *1 (N.J. Super., App. Div., Oct. 16, 2006). The Law Division sentenced Petitioner to an aggregated nine year term of imprisonment, with an 85% period of parole ineligibility pursuant to the No Early Release Act, N.J. Stat. Ann. § 2C:43-7.2. Id. Petitioner appealed, raising five grounds:

> ***POINT ONE***. THE DEFENDANT WAS DENIED A FAIR TRIAL BY THE TRIAL COURT'S ALLOWANCE OF HIGHLY PREJUDICIAL BUT IRRELEVANT EVIDENCE, INCLUDING EVIDENCE OF HIS PURCHASE OF CLOTHING FOR A PURPORTED VICTIM.
>
> ***POINT TWO***. THE DEFENDANT WAS PREJUDICED BY UNSUPPORTED AND IMPROPER TESTIMONY BY PHYSICIANS THAT SEXUAL ABUSE HAD OCCURRED, NECESSITATING REVERSAL. (Not Raised Below)
>
> A. The Medical Testimony Constituted Impermissible Expert Testimony As To Credibility
>
> B. The Expressed Opinion of Dr. Ghattas Was Not Held To The Requisite Degree of Certainty or Probability
>
> C. The Testimony Constitutes Plain Error
>
> ***POINT THREE***. A KEY WITNESS MADE A HIGHLY DISPARAGING REMARK CONCERNING THE DEFENDANT THAT WAS NOT CORRECTED BY THE TRIAL COURT, TO DEFENDANT'S GREAT PREJUDICE. (Partially Raised Below)
>
> ***POINT FOUR***. THE DEFENDANT WAS PREJUDICED BY THE STATE'S SURPRISE REVELATION AT TRIAL OF HIS TATTOO.
>
> ***POINT FIVE***. THE SENTENCE IMPOSED VIOLATES *STATE V. NATALE*, AND WAS EXCESSIVE, NECESSITATING A REMAND AND A REDUCTION.
>
> A. A Natale Remand is Necessary
>
> B. The Sentence Imposed Was Excessive

State v. Tucker, 2006 WL 2933953, at *2 (N.J. Super., App. Div., Oct. 16, 2006).

On October 16, 2006, the Appellate Division of the Superior Court of New Jersey affirmed the conviction but remanded the matter to the Law Division for resentencing pursuant to State v. Natale, 184 N.J. 458 (2005), in light of the trial court's reliance on aggravating factors 2, 3, 6 and 9, N.J. Stat. Ann. § 2C:44-1(a)(2), (3), (6), (9). See State v. Tucker, 2006 WL 2933953, at *4. On January 12, 2007, the New Jersey Supreme Court denied certification. See State v. Tucker, 189 N.J. 428 (2007) (table). The Law Division resentenced Petitioner to a term not specified in the Petition. Petitioner appealed the resentencing order to the Appellate Division and, according to the Petition, that appeal is pending. (Pet. ¶ 11(a)(6).)

Petitioner filed a state petition for post-conviction relief in the Law Division, raising ineffective assistance of counsel, self-incrimination, expert testimony and admission of evidence. (Pet. ¶ 11(a)(3).) By order filed August 28, 2007, Law Division Judge Peter J. Vazquez dismissed the petition for post-conviction relief without prejudice on the ground that Petitioner's direct appeal from the order of resentencing was pending. (Pet. ¶ 11(a)(5), (6).)

Petitioner executed the § 2254 petition presently before this Court on October 12, 2007. The Clerk received it on October 15, 2007. The Petition raises 11 grounds:

> Ground One: VIOLATION OF SELF-INCRIMINATION.
>
> Supporting FACTS: I was told that I had to partially disrobe and display 17 tattoos on various parts of my body . . .
>
> Ground Two: JURY WAS UNCONSTITUTIONALLY SELECTED AND IMPANELED.
>
> Supporting FACTS: My tattoo was never included . . . when we were selecting a jury. If it was, I could have polled the jurors to see if any of them found tattoos offensive . . .

3

Ground Three: EXPERT TESTIMONY

Supporting FACTS: The court allowed a private pediatrician to testify that she found evidence of sexual abuse when she admitted in a pretrial hearing that she had never actually seen a victim of sexual abuse . . .

Ground Four: ADMISSION OF EVIDENCE

Supporting FACTS: The court allowed statements made 18 months after the fact to be admitted. The victims were questioned with very leading questions . . .

Ground Five: IMPROPER REMARK MADE BY WITNESS

Supporting FACTS: Witness Debra Tucker defendant's sister made a remark, "Could you turn this way because I really don't want to look at him." The jury was never instructed to disregard this statement . . .

Ground Six: JURY MISCONDUCT

Supporting FACTS: Juror 7 was sleeping thru most of trial. Juror 12 was asleep during parts of trial . . .

Ground Seven: VIDEO STATEMENT

Supporting FACTS: The detective who made the video statement admitted under oath in a pretrial hearing that he asked not only leading but very leading questions in the video interview. He also admitted that he prejudged the defendant guilty and did no investigation at all . . .

Ground Eight: LACK OF INVESTIGATION

Supporting FACTS: There were 2 other minor children who were in the room every time the alleged assaults took place. No one ever questioned them . . . Defense attorney never made any investigation. There were allegations of child abuse against the victim's stepmother . . . , yet no one ever contacted a family service to look into what was really going on. The reason the victims made up this story was to avoid being beaten. . .

4

Ground Nine: JURY DELIBERATION

Supporting FACTS: Jurors sent a note out to Judge informing him that they could not make a verdict, both sides were firm. Judge spoke to them and sent them back to jury room. Shortly later he received another note asking for help because it was getting hostile in there. When he had them come back to the court room they said that they made a decision. They went from standing firm to a verdict in a short time under hostile conditions.

Ground Ten: EYE WITNESSES

Supporting FACTS: There were two eye witnesses who were in the same room that assaults supposedly took place. They were on witness list but never made to appear in court.

Ground Eleven: INEFFECTIVE ASSISTANCE OF ATTORNEY

Supporting FACTS: Trial attorney and appeal attorney.

(Pet. ¶ 12.)

## II. STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer or the state

court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").[1]

The Supreme Court recently explained these pleading requirements as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 . . . (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655-56 (2005).

---

[1] For example, the Third Circuit has held that vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court. Thomas, 221 F.3d at 437; United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988).

6

## III. DISCUSSION

A. Exhaustion

A district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted state court remedies or such process is unavailable or ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 544 U.S. 269, 273-74 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Section 2254(b) provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted** unless it appears that -
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)(A) & (B) (emphasis added); see also Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert, 134 F.3d at 513; Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993). Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." Picard

7

v. Connor, 404 U.S. 270, 275 (1971) (citations and internal quotation marks omitted). The statutory scheme under the AEDPA "reinforces the importance of Lundy's 'simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.'" Rhines, 544 U.S. at 276-77 (quoting Rose v. Lundy, 455 U.S. 509, 520 (1982)).

The Exhaustion Doctrine requires a petitioner to fairly present each federal claim to each level of the state court system. See Baldwin v. Reese, 541 U.S. 27, 30-31 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 515 (1982); United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17 (1925); Burkett v. Love, 89 F.3d 135, 138 (3d Cir. 1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including a petition for discretionary review before the State's highest court. O'Sullivan, 526 U.S. at 845; see also Baldwin, 541 U.S. at 29. Thus, the Supreme Court "held in Rose v. Lundy, 455 U.S. 509 . . . (1982), that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines, 544 U.S. at 273. In Rose v. Lundy, the Supreme Court imposed "a requirement of 'total exhaustion' and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance." Rhines, 544 U.S. at 274. To satisfy the total exhaustion requirement, a petitioner in the custody of the State of New Jersey must present each federal claim to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court. See Toulson, 987 F.2d at 987-89.

8

"To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999); accord Baldwin v. Reese, 541 U.S. 27 (2004), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982) (citation and internal quotation marks omitted). The habeas petitioner carries the burden of proving total exhaustion. See Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987.

In this case, the Petition is mixed, i.e., it includes exhausted and unexhausted claims. Specifically, Petitioner raises ineffective assistance of trial and appellate counsel in Grounds Eight and Eleven, but he did not raise a Sixth Amendment ineffective assistance of counsel claim on direct appeal and, although he raised ineffective assistance of counsel in his first state petition for post-conviction relief, the Law Division dismissed that petition without prejudice on the ground that Petitioner's direct appeal to the Appellate Division from the resentencing order was still pending. Thus, Petitioner did not present his Sixth Amendment ineffective assistance of counsel claims to all three levels of the New Jersey courts.[2] Because the Petition contains at least one unexhausted claim, this Court may not consider the merits of Petitioner's claims unless exhaustion is excused or the Petition does not raise even a colorable federal claim. See Lambert, 134 F. 3d at 515.

---

[2] This Court reminds Petitioner that to exhaust a federal claim, he must alert the state courts to the **federal** nature of his claims. See Baldwin v. Reese, 541 U.S. 27, 32 (2004) (holding that Sixth Amendment ineffective assistance of counsel claim was not exhausted because petitioner did not alert state courts to the federal nature of the claim and "ineffective assistance" also referred to a violation of the state constitution).

9

B. Circumstances Excusing Exhaustion

Section 2254(b)(1)(B)(i) excuses exhaustion where there is "an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(B)(i); see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam). A petition containing claims which are unexhausted but procedurally barred will not be dismissed as unexhausted. "Although the unexhausted claims may not have been presented to the highest state court, exhaustion is not possible because the state court would find the claims procedurally defaulted." Toulson, 987 F.2d at 987; accord Coleman v. Thompson, 501 U.S. 722, 730-32 & n.1 (1991). "If a claim has not been fairly presented to the state courts but state law clearly forecloses review . . . exhaustion is excused." Carpenter v. Vaughn, 296 F.3d 138, 146 (3d Cir. 2002) (citations omitted).

In determining whether state court review is "available" under § 2254(b)(1)(B) and (c), this Court must "turn [its] attention to the actuality that the state courts would refuse to entertain" the petitioner's federal claims. Lambert, 134 F.3d at 516; Christy, 115 F.3d at 207. Most importantly, "unless a state court decision exists indicating that a habeas petitioner is clearly precluded from state court relief, the federal habeas claim should be dismissed for nonexhaustion, even if it appears unlikely that the state will address the merits of the petitioner's claim." Lambert, 134 F.3d at 517.

For example, the petitioner in Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993), was a New Jersey prisoner who filed a § 2254 petition in the District Court for the District of New Jersey challenging his state conviction and sentence on five grounds. The Appellate Division of the New Jersey Superior Court had affirmed his conviction; the New Jersey Supreme Court had denied his petition for certification; and the trial court had denied his motion to reconsider the

10

sentence and his motion for post-conviction relief. Toulson had not presented three of his § 2254 grounds to the New Jersey Supreme Court in his petition for certification. The district court held that the claims were procedurally barred by N. J. Ct. R. 3:22-4 (barring consideration of grounds not raised in prior proceedings), in that Toulson had not raised them in his petition for certification to the New Jersey Supreme Court. The Third Circuit reversed and remanded, observing that Rule 3:22-4(c) dissolves the procedural bar where "denial of relief would be contrary to the Constitution of the United States or the State of New Jersey," and that other rules presenting potential procedural bars were likewise subject to relaxation.[3] The Third Circuit instructed the district court to dismiss the petition without prejudice for failure to exhaust "[b]ecause no state court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default." Toulson, 987 F.2d at 989.

In contrast, in Cabrera v. Barbo, 175 F.3d 307 (3d Cir. 1999), the Third Circuit affirmed dismissal of claims raised in a New Jersey prisoner's § 2254 petition as procedurally defaulted after a New Jersey court had in fact refused to consider the petitioner's federal claims on the ground that they were procedurally barred by New Jersey Court Rule 3:22-4. Under those circumstances, the Third Circuit observed that exhaustion was unavailable. However, because

---

[3] New Jersey Court Rule 3:22-12, which poses a five-year limitation period for the filing of post-conviction relief petitions, Rule 3:22-4, which bars any ground for relief not raised in a prior post-conviction relief proceeding, and Rule 3:22-5, which provides that a prior adjudication upon the merits of any ground for relief is conclusive, are subject to relaxation. See State v. Preciose, 129 N.J. 451, 454, (1992); State v. Mitchell, 126 N.J. 565 (1992); State v. Johns, 111 N.J. Super 574, 576 (App. Div. 1970).

11

New Jersey's rejection of Cabrera's claims was based on an adequate and independent state ground, the petitioner had procedurally defaulted the claims. Cabrera, 175 F.3d at 312-314.

In this case, no New Jersey court has determined that Petitioner is procedurally barred from raising the claims presented in his § 2254 petition. This Court finds that post-conviction review of petitioner's claims is not clearly foreclosed or unavailable. Thus, Petitioner's failure to exhaust his claims is not excused under § 2254(b)(1)(B)(i).

Failure to exhaust may also be excused where "circumstances exist that render [State corrective] process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii). State corrective process is ineffective where "'state remedies are inadequate or fail to afford a full and fair adjudication of the federal contentions raised, or where exhaustion in state court would be futile.'" Lambert, 134 F.3d at 516 (quoting Christy v. Horn, 115 F.3d 201, 207 (3d Cir. 1997)); see also Gibson, 805 F.2d at 138. Petitioner's failure to exhaust is not excused under this provision, however, because New Jersey's appellate review procedures are not inadequate to adjudicate his federal claims.

C. Colorable Federal Claim

Section 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). The Third Circuit determined that § 2254(b)(2) codifies the holding in Granberry v. Greer, 481 U.S. 129 (1987), "by conferring upon the district court the authority to deny a habeas petition on the merits despite the petitioner's failure to exhaust state remedies." Lambert, 134 F.3d at 514.

12

In <u>Granberry</u>, the Court held that where a state failed to raise the exhaustion defense in the district court, the court of appeals may examine the exhaustion issue under the following circumstances:

> The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim . . . . [I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition [on the merits], and the court of appeals affirms the judgment of the district court forthwith.

<u>Granberry</u>, 481 U.S. at 134-135.

Thus, the United States Court of Appeals for the Third Circuit has instructed district courts that they may deny a mixed petition on the merits under § 2254(b)(2) only "if it is perfectly clear that the applicant does not raise even a colorable federal claim." <u>Lambert</u>, 134 F.3d at 515 (quoting <u>Granberry</u>, 481 U.S. at 135). Under this standard, "if a question exists as to whether the petitioner has stated a colorable federal claim, the district court may not consider the merits of the claim if the petitioner has failed to exhaust state remedies and none of the exceptions set forth in sections 2254(b)(1)(B)(i) and (ii) applies." <u>Lambert</u>, 134 F.3d at 515.

In this case, Petitioner claims that trial counsel and counsel on direct appeal were constitutionally ineffective. The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. See <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components,

both of which must be satisfied. Id. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. Id. Second, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695. The ineffective assistance of counsel standard of Strickland, 466 U.S. at 686, applies to a claim that appellate counsel was ineffective. See Smith v. Robbins, 528 U.S. 259, 285 (2000); United States v. Cross, 308 F.3d 308, 315 (3d Cir. 2002). This Court is not prepared to find that "it is perfectly clear that the [Petitioner] does not raise even a colorable" ineffective assistance of counsel claim. Lambert, 134 F.3d at 515 (quoting Granberry, 481 U.S. at 135). Thus, this Court declines to deny the Petition on the merits pursuant to § 2254(b)(2).

D. Stay and Abeyance

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court confronted "the problem of a 'mixed petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." Id. at 271. In Rhines, the petitioner had more than 11 months left before the expiration of the limitations period when he filed his § 2254 petition in the district court, but the district court did not dismiss the mixed petition as unexhausted until the one-year statute of

14

limitations had expired. See Rhines, 544 U.S. at 272. The district court granted Rhines' motion for a stay, but the Eighth Circuit reversed on the ground that a district court has no authority to stay a mixed petition absent truly exceptional circumstances. Id. at 273. In reversing the court of appeals, the Supreme Court noted that the enactment of AEDPA in 1996 dramatically altered the landscape for federal habeas corpus petitions. See Rhines, 544 U.S. at 274. The Court explained:

> AEDPA preserved *Lundy's* total exhaustion requirement, see 28 U.S.C. § 2254(b)(1)(A) . . . , but it also imposed a 1-year statute of limitations on the filing of federal petitions, § 2244(d). Although the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review," § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations, *Duncan, supra*, at 181-182, 121 S. Ct. 2120.
>
> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review . . . . [I]f a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case.

Rhines, 544 U.S. at 274-75.

15

The Supreme Court held that "a federal district court has discretion to stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." Rhines, 544 U.S. at 271.  However, the Supreme Court cautioned that "stay and abeyance should be available only in limited circumstances" because staying a petition frustrates the AEDPA's goals of encouraging finality and streamlining federal habeas proceedings. Rhines, 544 U.S. at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.  Moreover, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. at 278.

As the Rhines Court mentioned, the AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The limitations period begins to run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

16

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

In this case, the applicable limitations provision is § 2244(d)(1)(A), the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Although the Supreme Court of New Jersey denied Petitioner's petition for certification from the order affirming his conviction on direct review by order filed January 12, 2007, see State v. Tucker, 189 N.J. 428 (2007) (table), the Supreme Court of New Jersey did not consider Petitioner's sentence at that time because the Appellate Division had vacated the sentence and remanded to the Law Division for resentencing. According to the Petition and attachments, the Law Division resentenced Petitioner, Petitioner appealed the resentencing, and his appeal from that order is presently pending before the Appellate Division. Under these circumstances, Petitioner's conviction is not final and the statute of limitations has not yet begun to run.[4] See 28 U.S.C. § 2244(d)(1)(A); cf. Lawrence v. Florida, __ U.S. __, __, 127 S. Ct. 1079,

---

[4] This Court notes that the one-year statute of limitations is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also Lawrence v. Florida, __ U.S. __, 127 S. Ct. 1079 (2007). In addition, the statute of limitations is subject to equitable tolling. See Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir.

17

1083-84 (2007); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Since the statute of limitations has not yet begun to run, "dismissal of the entire petition would [not] unreasonably impair the petitioner's right to obtain federal relief." Rhines, 544 U.S. at 278. This Court finds that a stay is not warranted and will dismiss the petition without prejudice as unexhausted. See Bishop v. State of New Jersey, 2007 WL 2406808, *5 (D.N.J. Aug. 15, 2007) (dismissing mixed petition where there is 64 days remaining on limitations period because petitioner has not shown good cause for failing to exhaust and "there is ample time remaining on Petitioner's one-year limitations period"); Powell v. Harvey, 2007 WL 1462395, *6 (D.N.J. May 15, 2007) (dismissing mixed petition where dismissal "would not impair Petitioner's ability to file a timely federal petition after conclusion of his state post-conviction proceedings" because petitioner would have at least 27 days to file a federal petition after conclusion of pending state post-conviction proceedings); Downs v. Ricci, 2006 WL 3231425 (D.N.J. Nov. 8, 2006) (dismissing mixed petition because "petitioner is not faced with the issue of a possible time-bar if this Court were to dismiss the petition as unexhausted" because petitioner has 10 months remaining on limitations period); Moore v. Leone, 2006 WL 2627927, *4 (D.N.J. Sept. 13, 2006) ("Because Petitioner can conceivably exhaust state court remedies and retain time to re-file a habeas action in this Court thereafter, the Court finds that his right to federal relief is not impaired by the one-year limitation period, and a stay would be inappropriate").

E.  Certificate of Appealability

---

1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

An appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as unexhausted is correct.

## IV. CONCLUSION

For the foregoing reasons, this Court will dismiss the petition without prejudice as unexhausted and decline to issue a certificate of appealability.

_____
JOSE L. LINARES, U.S.D.J.

DATED: _____1 - 8 -_____, 2008

19